UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH STEVEN HONTZ,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondents.

No. C11-5232 BHS/KLS

ORDER TO SHOW CAUSE AND DENYING FURTHER EXTENSIONS OF TIME

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4. Petitioner indicates that he was sentenced on February 27, 2008 in Thurston County Superior Court Case No. 07-1-09972-7 to 30 days jail and 1 year community custody; and on April 18, 2008 in Thurston County Case No. 08-1-00539-2 to 30 days jail and 4 years community custody. ECF No. 1. Petitioner's mailing address reflects that he is no longer in the custody of the Washington State Department of Corrections.

**A.    In Custody Requirement**

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir.1994). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The collateral consequences of an expired conviction, while sufficient to preclude mootness, are not sufficient to satisfy the "in custody"

ORDER TO SHOW CAUSE - 1

requirement of § 2254. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir.1990)(citing *Maleng v. Cook*, 490 U.S. at 492). See also, *Carafas v. LaVallee*, 391 U.S. 234 (1968).

The "in custody" requirement of § 2254 may be met even if the petitioner is not physically confined. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir.1993), citing *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). See *Jones*, 371 U.S. at 240-43 (parole tantamount to custody); *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973)(release on personal recognizance pending appeal satisfies "in custody" requirement); *Dow*, 995 F.2d at 923 (mandatory attendance at alcohol rehabilitation program satisfies in custody requirement); *Barry v. Bergen County Probation Department,* 128 F.3d 152 (3rd Cir.1997)(community service obligation rendered petitioner "in custody" for purposes of habeas statute). However, in order to satisfy the custody requirement, the "petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow*, 995 F.2d at 923, quoting *Jones*, 371 U.S. at 240.

The court is unable to determine based on the information submitted by Petitioner, the nature and terms of Petitioner's community custody and whether the terms of the community custody are sufficient to render Petitioner "in custody" for purposes of federal habeas review. Petitioner is ordered to provide the Court with the terms of his community custody **on or before July 1, 2011**. If Petitioner fails to do so, the Court will enter a report and recommendation that the petition be dismissed.

**2.     Extensions of Time to File Brief**

The petition for writ of habeas corpus was filed in this Court on March 24, 2011. On the same day, Petitioner also filed a motion to file supporting brief and a motion for extension of time. ECF Nos. 2 and 3. On March 29, 2011, the Court granted the extension of time and on

ORDER TO SHOW CAUSE - 2

May 23, 2011, the Court granted a second extension of time. ECF Nos. 5 and 10. Petitioner's latest deadline for filing a supporting brief was June 5, 2011. ECF No. 10. On June 1, 2011, Petitioner filed a Motion to Supplement Support Brief. ECF No. 11. On June 2, 2011, Petitioner filed a Motion for Extension of Time. ECF No. 12. On June 3, 2011, Petitioner filed a Motion for Extension of Time to File Federal Citations (ECF No. 13), a Motion to Amend Petition (ECF No. 14), and a 113 page Brief in Support of his Petition for Writ of Habeas Corpus, with 282 pages of exhibits. (ECF No. 15).

Petitioner's motion to amend his petition to name the Washington Department of Corrections as the correct Respondent (ECF No. 14) is **GRANTED.** The Clerk shall alter the caption to reflect the change. Petitioner is not required to file anything further to effectuate this change.

Petitioner's motions for further extensions of time to supplement and/or amend his petition (ECF Nos. 11, 12, and 13) are **DENIED.** As noted above, there is a question as to whether Petitioner is "in custody" for purposes of § 2254. Thus, no further action will be taken in this case until Petitioner has responded to the Court's Order to Show Cause.

Assuming Petitioner meets the "in custody" requirement, his petition and brief will be served on Respondent. At that time, the Respondent shall indicate in its Answer to the habeas petition what transcripts are available and shall attach the relevant portions of the record for the Court's review. Rules Governing Section 2254 Cases in the U.S. Dist. Cts., 28 U.S.C. Pt. VI, ch. 153, Rule 5. After Respondent has done so, Petitioner will be given another opportunity to respond and submit additional briefing.

Accordingly, it is **ORDERED**:

ORDER TO SHOW CAUSE - 3

(1) Petitioner shall provide the Court with the terms of his community custody **on or before July 8, 2011**. If Petitioner fails to do so, the court will enter a report and recommendation that the petition be dismissed.

(2) Petitioner's motions to supplement and for extension (ECF Nos. 11, 12 and 13) are **DENIED.**

(3) Petitioner's motion to amend (ECF No. 14) is **GRANTED.** The Clerk is directed to change the caption to reflect the Washington Department of Corrections as Respondent.

(4) The Court Clerk is directed to send a copy of this Order to Petitioner.

**DATED** this  16th  day of June, 2011.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4