UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH STEVEN HONTZ,

                 Petitioner,

    v.

STATE OF WASHINGTON,

                 Respondent.

No. C11-5232 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: October 21, 2011**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4. Petitioner indicates that he was sentenced on February 27, 2008 in Thurston County Superior Court Case No. 07-1-09972-7 to 30 days jail time and 1 year community custody; and on April 18, 2008 in Thurston County Case No. 08-1-00539-2 to 30 days jail time and 4 years community custody. ECF No. 1. Petitioner's mailing address reflects that he is no longer in the custody of the Washington State Department of Corrections. The Court ordered Petitioner to provide the terms of his community custody so that the Court may determine whether it has jurisdiction over the petition. Petitioner has failed to do so.

**DISCUSSION**

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir.1994). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The collateral consequences of an expired

REPORT AND RECOMMENDATION - 1

conviction, while sufficient to preclude mootness, are not sufficient to satisfy the "in custody" requirement of § 2254. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir.1990) (*citing Maleng v. Cook*, 490 U.S. at 492). *See also, Carafas v. LaVallee*, 391 U.S. 234 (1968).

The "in custody" requirement of § 2254 may be met even if the petitioner is not physically confined. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir.1993), *citing Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). *See Jones*, 371 U.S. at 240-43 (parole tantamount to custody); *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973) (release on personal recognizance pending appeal satisfies "in custody" requirement); *Dow*, 995 F.2d at 923 (mandatory attendance at alcohol rehabilitation program satisfies in custody requirement); *Barry v. Bergen County Probation Department,* 128 F.3d 152 (3rd Cir.1997) (community service obligation rendered petitioner "in custody" for purposes of habeas statute). However, in order to satisfy the custody requirement, the "petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow*, 995 F.2d at 923 (*quoting Jones*, 371 U.S. at 240).

The Court was unable to determine based on the information submitted by Petitioner, the nature and terms of Petitioner's community custody and whether the terms of the community custody are sufficient to render Petitioner "in custody" for purposes of federal habeas review. Thus, the Court declined to serve the habeas petition and ordered Petitioner to provide the terms of his community custody on or before July 1, 2011. ECF No. 16. On July 18, 2011, Petitioner filed a motion for an extension of time to comply with the Court's Order. ECF No. 20. The Court granted the motion, extending Petitioner's deadline until August 26, 2011. ECF No. 21. Petitioner was advised that if he failed to provide the information requested by the extended deadline, the Court will enter a report and recommendation that his petition be dismissed. *Id.*

REPORT AND RECOMMENDATION - 2

Petitioner has not complied with the Order. Accordingly, the undersigned recommends that his petition be dismissed without prejudice for failure to prosecute.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable as to whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 120 S. Ct. 1595, 1604 (2000)

There is nothing in the record to support a conclusion that jurists of reason would find it debatable that the petition does not state a valid claim of the denial or a constitutional right and that the district court was not correct in its procedural ruling dismissing Petitioner's claims without prejudice for failure to prosecute.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 3

objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 21, 2011**, as noted in the caption.

    **DATED** this  3rd  day of October, 2011.

                                                            Karen L. Strombom
                                                            United States Magistrate Judge

REPORT AND RECOMMENDATION - 4